UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20786-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIZABETH GONZALEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the government's Petition for Warrant or Summons for Offender Under Supervision (DE# 46, 9/1/06). This Matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the defendant's supervised release/probation should be revoked (DE # 50, 9/27/06). An evidentiary hearing was held on March 21, 2007. Based on a careful review of the filings and the evidence presented at the evidentiary hearing, it is respectfully recommended that the defendant's supervised release be revoked.

## BACKGROUND

On March 22, 2004, after being convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, the defendant was sentenced to five months imprisonment followed by three years supervised release. See Petition for Warrant or Summons for Offender Under Supervision (DE# 46 at 1, 9/1/06).

The defendant is charged with two violations of her supervised release as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | **Violation of Mandatory Condition**, by failing to satisfy the court-ordered restitution. On March 22, 2004, restitution in the amount of $233,087.92 was ordered by the court and the defendant has failed to satisfy this financial obligation as ordered. |
| 2. | **Violation of Standard Condition**, by failing to work regularly at a lawful occupation. Since on or about April 2006, the defendant has failed to work regularly as required. |

See Petition for Warrant or Summons for Offender Under Supervision (DE# 46, 9/1/06).

An evidentiary hearing was held on March 21, 2007 wherein the defendant's probation officer, Marilyn Westfield, testified on behalf of the government. The defendant did not testify.

## FINDINGS OF FACT

On March 22, 2004, the defendant was ordered to pay restitution in the amount of $233,087.92 jointly and severally with her husband Gustavo Guallar (DE# 34, 3/26/04). To date, the defendant has paid $1,386.84 in restitution.[1] The defendant was ordered to pay restitution at the rate of 10% of her gross monthly earnings. Id. at 5. In March 2006, defendant's gross monthly earnings were approximately $1,000.00. The defendant made her last restitution payment of $100.00 in March 2006.

The defendant's term of supervised release began on October 12, 2004. As a special condition of her supervised release, the defendant was required to "maintain

---

[1] The defendant's husband has paid $2,782.49 in restitution.

full-time employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer." Id. at 4.  The defendant was employed in her father-in-law's securities business until March 2006.  The defendant began missing working in February 2006 and stopped working in March 2006.

In February 2006, the defendant reported to her probation officer that she was suffering from heavy bleeding and abdominal pain. The defendant continued to complain about her medical condition to her probation officer. The defendant presented her probation officer with a letter from her doctor concerning this condition. The probation officer spoke to the defendant's doctor who indicated that the defendant could perform light work.

In November 2006, the defendant underwent a hysterectomy. The doctor who performed the hysterectomy indicated that the defendant could work again in February 2007. The defendant has applied for jobs but not been able to secure employment. The defendant is presently supported by her husband and reports no income or assets.

## LEGAL ANALYSIS

"Evidence of a probation violation presented by the government must 'reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilty beyond a reasonable doubt is not required.'" United States v. Holland, 874 F.2d 1470, 1472-73 (11th Cir. 1989) citing United States v. Rice, 671 F.2d 455, 458 (11th Cir. 1982).

The undersigned finds that the defendant has not in good faith attempted to comply with the conditions of her probation. The defendant's doctor opined that she

could perform light work despite her medical condition. Thus, from April 2006 until her hysterectomy in November 2006, the defendant was physically able to work but remained unemployed. Accordingly, the undersigned finds that the defendant violated a condition of her supervised release when she failed to "maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days." See Judgment (DE# 34 at 4, 3/26/04).

Additionally, the defendant willfully violated the condition that she make restitution payments. "[A] probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the [court] is [ ] justified in revoking probation." Bearden v. Georgia, 461 U.S. 660, 668 (1983). The defendant had the apparent ability to perform light work prior to her hysterectomy but failed to do so and as a consequence failed to pay restitution. Accordingly, the undersigned finds that the defendant willfully failed to pay restitution and violated this condition of her supervised release.

### RECOMMENDATION

In accordance with this Report and Recommendation, the undersigned recommends revocation of the defendant's supervised release based on the uncontroverted evidence that: (1) the defendant could perform light work prior to her hysterectomy but remained unemployed and (2) the defendant failed to pay restitution after March 2006.

The parties have ten (10) days from the receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file the objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988).

     RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **22nd** day of March, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

U.S. District Judge Ungaro
All counsel of record